Alisa Rose Adams (Cal Bar #277697)
The DannLaw Firm
26100 Towne Center Drive
Foothill Ranch, CA 92610-3442
Telephone: (949) 200-8755
Facsimile: (866) 843-8308
notices@dannlaw.com
aadams@dannlaw.com

*Attorney for Plaintiffs and the Putative Class*

[Additional attorneys listed on signature page]

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEMICA THOMAS, JAYLEN TALLEY, and NAYSEN EDWARDS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BLOCK, INC.,<br><br>Defendant. | Case No.: _____<br><br>**CLASS ACTION COMPLAINT**<br><br><br>**Jury Trial Demanded** |

Plaintiffs Shemica Thomas, Jaylen Talley, and Naysen Edwards ("Plaintiffs"), individually and on behalf of all others similarly situated, bring this Class Action Complaint against Defendant Block, Inc. ("Defendant"), making the following allegations based on personal knowledge as to facts pertaining to their own experiences and on information and belief as to all others:

## NATURE OF THE ACTION

1. Defendant operates Cash App, a mobile payment services provider. Consumers who download Defendant's app to their phone and use Defendant's services set up an account, which can be used to execute money transfers between Cash App accountholders. In setting up an account, Defendant

requires users to enter into an agreement with Defendant that includes Defendant's terms of service, located online at https://cash.app/legal/us/en-us/tos.

2. Defendant's terms of service purport to require users to resolve disputes in an arbitration administered by the American Arbitration Association ("AAA") pursuant to the Consumer Arbitration Rules. However, users who comply with the procedural prerequisites and initiate an arbitration pursuant to the arbitration clause have been prohibited from seeking resolution of their disputes by Defendant's systematic refusal to engage in arbitration, refusal to pay its share of the arbitration filing fee. Cash App's refusal to comply with the terms of its own contract of adhesion causes consumers to waste time and money and effectively prevents them from resolving disputes with Cash App in the low cost and efficient process of consumer arbitration under the rules of the AAA.

3. Plaintiffs and Class members seek money damages for Defendant's violations of consumer protection laws and breach of contract, including declaratory and injunctive relief to require Defendant to answer Plaintiffs' and Class members' claims and provide redress of their injuries.

**PARTIES**

4. Shemica Thomas is a citizen of Texas

5. Jaylen Talley is a citizen of California.

6. Naysen Edwards is a citizen of Texas.

7. Defendant is a Delaware corporation with its principal place of business in San Francisco, California.

**JURISDICTION AND VENUE**

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d), because the case is brought as a class action pursuant to Fed. R. Civ. P. 23, there are 100 or more members of the proposed Class, the amount in controversy exceeds $5,000,000, exclusive of costs, and Plaintiffs and Defendant are diverse parties.

9. This Court has general personal jurisdiction over Defendant because Defendant is at home in California. The Court has specific jurisdiction over Defendant because the claims of Plaintiffs and Class members arise out of Defendant's actions and omissions that occurred substantially in California.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because Defendant resides in this District and a substantial part of the events or omissions giving rise to Plaintiffs' and Class members' claims occurred in this District.

## INTRADISTRICT ASSIGNMENT

11. Pursuant to Civil L.R. 3-2(c), this case is properly assigned to the San Francisco or Oakland Division because a substantial part of the events or omissions that give rise to Plaintiffs' and Class members' claims occurred in San Francisco County.

## COMMON FACTUAL ALLEGATIONS

12. Defendant employs a systematic business practice of failing to comply with its obligations under its own adhesive arbitration clause contained in its terms of service.

13. Consumers who seek to resolve their disputes with Defendant in accordance with the procedures Defendant sets forth in its arbitration provision are met with summary denials, indifference, and delay. Defendant fails and refuses to participate in consumer-initiated arbitration.

14. Plaintiffs and Class members attempted to resolve disputes and to pursue claims against Defendant in accordance with the arbitration clause in Defendant's terms of service, but were prevented from proceeding with the arbitration because of Defendant's failure to pay its portion of the required case initiation fee under the Consumer Arbitration Rules of the AAA.

15. As a result of Defendant's unlawful conduct, Plaintiffs and Class members suffered losses, including but not limited to: loss of funds from their accounts, lack of access to funds that rightfully belong to them, lost time and efforts associated with meeting the requirements to initiate an arbitration pursuant to the arbitration clause's terms, paying fees and costs for initiating an arbitration that was administratively

closed, and paying more costly and additional fees to file claims in court in order obtain redress for injuries caused by Defendant.

16. The Cash App terms of service, Section 19[1] states:

> Binding Individual Arbitration (This section provides details about how we will resolve disputes through the arbitration process).
>
> General. You and Block agree that any and all Disputes, except those that are resolved informally or brought in a small claims court, will be arbitrated by a neutral arbitrator who has the power to award the same individual damages and individual relief that a court can.
>
> * * *
>
> Scope of Arbitration. If we are not able to resolve the Dispute by informal negotiation or, as provided below, in a small claims court, all Disputes will be resolved finally and exclusively by binding individual arbitration with a single arbitrator (the "Arbitrator") administered by the American Arbitration Association (https://www.adr.org) according to this Section and the Consumer Arbitration Rules through the Procedures for the Resolution of Disputes through Document Submission (the "Desk/Documents Only" arbitration) (the "AAA Rules"), including Rule D-3(b), except you and Block will have the right to file early or summary dispositive motions and so long as the claim is arbitrable under the AAA Rules. Except as set forth above . . . , the Arbitrator shall be responsible for determining all threshold arbitrability issues, including issues relating to whether the Cash App Terms (or any aspect thereof) are enforceable, unconscionable or illusory and any defense to arbitration, including waiver, delay, laches, or estoppel.

17. According to the AAA Consumer Arbitration Rules Costs of Arbitration, "[i]n cases before a single arbitrator where the individual is the Claimant, a non-refundable** filing fee, capped in the amount of $225, is payable in full by the individual when a case is filed unless the parties' agreement provides that the individual pay less. A non-refundable filing fee in the amount of $375 is payable by the business once the individual claimant meets the filing requirements, unless the parties' agreement provides that the business pay more."[2]

---

[1] https://cash.app/legal/us/en-us/tos (last visited July 20, 2023).
[2] https://www.adr.org/sites/default/files/Consumer_Fee-Schedule.pdf Arbitration (as amended on January 1, 2023) (last visited July 20, 2023).

18.     Defendant systematically fails and refuses to pay AAA filing fees in accordance with the arbitration clause and the AAA Rules. After Defendant fails to participate in the arbitration, AAA is forced to administratively close the files, necessitating this lawsuit.

### Plaintiffs' Disputes with Defendant

19.     On or around January 28, 2023, Shemica Thomas ("Thomas") noticed that her Cash App account was hacked and more than $1,000 was stolen from her. On February 3, 2023, Thomas sent written correspondence to Defendant by certified mail in an attempt to resolve the dispute informally. Defendant failed to resolve the dispute informally. On May 2, 2023, Plaintiff filed an arbitration demand with the AAA. Defendant failed to respond to the arbitration demand. On June 1, 2023, AAA sent a letter to the parties notifying them that AAA administratively closed the file, stating that:

> Block, Inc. failed to comply with the AAA's policies regarding consumer claims, set forth in the Consumer Due Process Protocol ("Protocol") and the Consumer Arbitration Rules ("Consumer Rules"), including the Costs of Arbitration, which can be found on our web site, www.adr.org. Accordingly, we must decline to administer this claim and any other claims between Block, Inc. and its consumers at this time.

*See* Letter from AAA, attached hereto as Exhibit 1.

20.     On or around November 29, 2022, Jaylen Talley ("Talley") noticed a series of unauthorized transactions using Talley's Cash App account beginning on November 2, 2022. Talley notified Defendant that the account was compromised and disputed a number of transactions, some of which were resolved with the merchants themselves. On January 26, 2023, Talley sent a notice to Defendant in an attempt to resolve a dispute regarding Defendant's violations of the Electronic Fund Transfer Act and Regulation E relating to unauthorized transactions on Talley's Cash App account. Defendant failed to resolve the dispute informally. On April 25, 2023, Talley filed an arbitration demand with the AAA. Defendant failed to respond to the arbitration demand, and AAA administratively closed the arbitration on May 15, 2023, because of Defendant's failure to pay the filing fee, as follows:

> Block, Inc. failed to comply with the AAA's policies regarding consumer claims, set forth in the Consumer Due Process Protocol ("Protocol") and the Consumer Arbitration Rules ("Consumer Rules"), including the Costs of Arbitration, which can be found on our web site, www.adr.org. Accordingly, we must decline to administer this claim and any other claims between Block, Inc. and its consumers at this time.

*See* Letter from AAA, attached hereto as Exhibit 2.

21. Naysen Edwards ("Edwards") noticed significant unauthorized activity on his Cash App account, and Edwards notified Defendant that he disputed the transactions. On February 7, 2023, Edwards sent written correspondence to Defendant in an attempt to informally resolve the dispute. The parties failed to informally resolve the dispute. On May 2, 2023, Edwards filed a demand for arbitration with the AAA and sent notice of the arbitration to Defendant by certified mail. Defendant failed to pay its AAA filing fee. The AAA closed the arbitration on June 1, 2023, because Defendant failed to comply with the AAA's policies regarding consumer claims by not paying the filing fee, as follows:

> Block, Inc. failed to comply with the AAA's policies regarding consumer claims, set forth in the Consumer Due Process Protocol ("Protocol") and the Consumer Arbitration Rules ("Consumer Rules"), including the Costs of Arbitration, which can be found on our web site, www.adr.org. Accordingly, we must decline to administer this claim and any other claims between Block, Inc. and its consumers at this time.

See Letter from AAA, attached hereto as Exhibit 3.

22. Because of Defendant's refusal to participate in arbitration, as alleged herein, Plaintiffs and Class members suffered losses and were deprived of their rights under the terms of service which require mandatory arbitration of disputes with Defendant. Plaintiffs suffered loss of funds, loss of availability of funds, time, effort, and expenses taken to initiate the arbitrations that were unable to proceed due to Defendant's breach of contract, plus the additional fees necessary to initiate a lawsuit against Defendant in court to obtain the requested relief.

# CLASS ALLEGATIONS

23. **Class Definition**: Plaintiffs bring this action pursuant to Rules 23(b)(2), 23(b)(3), and 23(c)(4) of the Federal Rules of Civil Procedure on behalf of the following Class:

> All persons whose arbitration with Defendant did not proceed as a result of Defendant's failure to pay the required arbitration filing fee.

24. The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their immediate families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parent have a controlling interest and its current or former officers and directors; (3) persons who properly execute and file a timely request for exclusions; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiffs' counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

25. Plaintiffs reserve the right under Federal Rule of Civil Procedure 23 to amend or modify the Class definition to include a broader scope, greater specificity, further division into subclasses, or limitations to particular issues. Plaintiffs reserve the right under Rule 23(b)(2) of the Federal Rules of Civil Procedure to seek injunctive relief to compel Defendant to pay its AAA arbitration fees. Plaintiffs reserve the right under Federal Rule of Civil Procedure 23(c)(4) to seek certification of particular issues.

26. **Numerosity**: The exact number of Class members is not available to Plaintiffs. However, the number of isolated instances Plaintiffs are personally aware of indicate that this is a common practice of Defendant and numerosity is satisfied.

27. **Commonality**: Commonality requires that the Class members' claims depend upon a common contention such that determination of its truth or falsity will resolve an issue that is central to the validity of each claim in one stroke. Here, there is a common contention for all Class members as to whether Defendant breached its standard terms of service agreement with Plaintiffs and Class members.

28.     **Typicality**: Plaintiffs' claims are typical of the claims of other Class members in that Plaintiffs and the Class members sustained damages arising out of Defendant's uniform wrongful conduct.

29.     **Adequate Representation**: Plaintiffs will fairly and adequately represent and protect the interests of the Class members. Plaintiffs' claims are made in a representative capacity on behalf of the Class members. Plaintiffs have no interests antagonistic to the interests of the other Class members. Plaintiffs have retained competent counsel to prosecute the case on behalf of Plaintiffs and the Class. Plaintiffs and Plaintiffs' counsel are committed to vigorously prosecuting this action on behalf of the Class members.

30.     **This case also satisfies Fed. R. Civ. P. 23(b)(2) - Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members and making final injunctive relief appropriate with respect to the Class as a whole. Defendant's practices challenged herein apply to and affect the Class members uniformly, and Plaintiffs' challenge to those practices hinge on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiffs.

31.     The declaratory and injunctive relief sought in this case includes, but is not limited to: mandatorily enjoining Defendant to pay its AAA arbitration fees, and declaring that Defendant is obligated to pay its AAA arbitration filing fees in consumer arbitrations initiated by Plaintiffs and Class members.

32.     **This case also satisfies Fed. R. Civ. P. 23(b)(3) - Predominance**: There are many questions of law and fact common to the claims of Plaintiffs and Class members, and those questions predominate over any questions that may affect individual Class members. Common questions and/or issues for Class members include, but are not necessarily limited to the following:

    a.     Whether Defendant breached its standard agreements with Plaintiffs and Class members by failing to pay AAA filing fees;

    b.  Whether Defendant violated Cal. Civ. Code § 1281.97;

    c.  Whether Defendant's conduct is unlawful under the Unfair Competition Law ("UCL") and Consumers Legal Remedies Act ("CLRA");

    d.  Whether Defendant violated the Electronic Fund Transfer Act ("EFTA");

    e.  Whether Plaintiff and Class members are entitled to actual damages, restitution, disgorgement, and other remedies;

    f.  Whether injunctive and declaratory relief, and other equitable relief is warranted.

  33.  **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy as joinder of all parties is impracticable. The damages suffered by individual Class members will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual Class members to obtain effective relief from Defendant's misconduct. Even if Class members could mount such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be enhanced, and uniformity of decisions ensured.

  34.  Particular issues under Rule 23(c)(4) are appropriate for certification because such claims present only particular, common issues, the resolution of which would advance the disposition of this matter and the parties' interests therein. Such particular issues include, but are not limited to:

    a.  Whether Defendant has a uniform agreement with Plaintiffs and Class members that requires arbitration of disputes;

    b.  Whether Defendant breached its agreement to arbitrate by failing to pay its arbitration filing fees; and

      c.      Whether Plaintiffs and Class members were injured as a result of Defendant's breach.

### COUNT I
### Breach of Contract
### (By Plaintiffs on Behalf of the Class)

35. Plaintiffs incorporate paragraphs 1–34 as if fully set forth herein.

36. California law applies to the dispute pursuant to the choice of law provision in Section 20 of Defendant's terms of service.

37. The parties entered into an agreement that included the adhesive terms of service provided by Defendant, which required arbitration of disputes pursuant to the AAA Consumer Arbitration Rules. The Consumer Arbitration Rules provide that before an arbitration is administered, the business must pay its portion of the filing fee.

38. All conditions precedent occurred or were performed by Plaintiffs and Class members.

39. Defendant breached the agreement by failing and refusing to pay filing fees as required under the Consumer Arbitration Rules incorporated into the parties' agreement through Section 19 of the terms of service.

40. Plaintiffs and Class members suffered injuries as a result of Defendant's breach of contract, including but not limited to: loss of funds, loss of availability of funds, loss of time and wasted efforts associated with meeting the requirements to initiate an arbitration pursuant to the arbitration clause's terms, paying fees and costs for initiating an arbitration that was administratively closed, and paying more costly and additional fees and costs to file claims in court in order obtain redress for injuries caused by Defendant.

### COUNT II
### Material Breach for Failure to Pay Fees Before Arbitration Can Proceed
### Cal. Civ. Code § 1281.97
### (By Plaintiffs on Behalf of the Class)

41. Plaintiffs incorporate paragraphs 1–40 as if fully set forth herein.

42. California law applies to the dispute pursuant to the choice of law provision in Section 20 of Defendant's terms of service.

43. Section 1281.97(a)(1) of California Civil Code provides:

> In an employment or consumer arbitration that requires, either expressly or through application of state or federal law or the rules of the arbitration provider, the drafting party to pay certain fees and costs before the arbitration can proceed, if the fees or costs to initiate an arbitration proceeding are not paid within 30 days after the due date the drafting party is in material breach of the arbitration agreement, is in default of the arbitration, and waives its right to compel arbitration under Section 1281.2.

44. Under Cal. Civ. Code § 1281.97(b), if the drafting party materially breaches the arbitration agreement and is in default under subdivision (a), the employee or consumer may do either of the following: (1) withdraw the claim from arbitration and proceed in a court of appropriate jurisdiction, or (2) compel arbitration in which the drafting party shall pay reasonable attorney's fees and costs related to the arbitration.

45. Defendant drafted the arbitration provision in its terms of service.

46. Defendant breached the arbitration agreement and is in default because it failed and refused to pay filing fees to initiate Plaintiffs' and Class members' arbitrations.

47. Defendant's breaches as alleged herein, are part of a systematic pattern and practice of materially breaching its own arbitration agreement with respect to consumer disputes.

48. The AAA has notified Defendant on numerous occasions that it is in breach of its arbitration agreement, and the AAA has administratively closed arbitrations because of Defendant's material breaches.

49. Plaintiffs were injured as a result of Defendant's conduct in its violations and material breaches of the arbitration agreement.

50. Plaintiffs and Class members suffered injuries and damages as a result of Defendant's unlawful conduct, including but not limited to: loss of funds, loss of availability of funds, loss of time and wasted efforts associated with meeting the requirements to initiate an arbitration pursuant to the arbitration clause's terms, paying fees and costs for initiating an arbitration that was administratively closed, and paying more costly and additional fees and costs to file claims in court in order obtain redress for injuries caused by Defendant. Plaintiffs and Class members also seek appropriate sanctions as provided under Cal. Civ. Code § 1281.97(d).

**COUNT III**
**Violations of the Electronic Fund Transfer Act, 15 U.S.C. § 1693, *et seq*. ("EFTA")**
**(By Plaintiffs on Behalf of the Class)**

51. Plaintiffs incorporate paragraphs 1–40 as if fully set forth herein.

52. Plaintiffs are "consumers" under the EFTA who own "accounts" as defined by the EFTA. 15 U.S.C. § 1693(a)(2), (b).

53. Defendant is a "financial institution" under the EFTA. 15 U.S.C. § 1693(a)(9).

54. Plaintiffs' Cash App accounts were used for electronic funds transfers under the EFTA.

55. Plaintiffs and Class members had unauthorized activity or otherwise disputed charges on their Cash App accounts, and notified Defendant within 60 days of receiving notice of the unauthorized activity. After receiving prompt notice of the unauthorized transactions, Defendant continued to hold Plaintiffs and Class members financially responsible for transactions that they did not make and/or authorize in violation of 15 U.S.C. §1693f.

56. Defendant's unlawful conduct alleged herein was willful and knowing.

57. Defendant knew that it did not have a reasonable basis for denying Plaintiffs' and Class members' disputes but denied them anyway.

58. Plaintiffs and Class members were injured as a result of Defendant's unlawful acts, including but not limited to actual damages, statutory damages, enhanced damages, treble damages, attorneys' fees and costs.

**COUNT IV**
**Violation of the California Unfair Competition Law**
**Cal. Bus. and Prof. Code § 17200, *et seq*. ("UCL")**
**(By Plaintiffs on Behalf of the Class)**

59. Plaintiffs incorporate paragraphs 1–58 as if fully set forth herein.

60. The UCL defines unfair competition to include any "unlawful, unfair, or fraudulent business practice and unfair, deceptive, untrue, or misleading advertising and any act prohibited by Chapter 1 of Part 3 of Division 7 of [California's] Business and Professions Code." Cal. Bus. & Prof. Code § 17200.

61. A business act or practice is unlawful pursuant to the UCL if it violates any other law or regulation. Defendant's conduct violates Cal. Civ. Code § 1281.97 and 15 U.S.C. § 1693, *et seq*.

62. A business act or practice is unfair pursuant to the UCL if it is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers. Defendant's actions were unfair and deceptive due to its failure to take adequate measure to safeguard against the unauthorized use of Plaintiffs' accounts, inadequate customer service, repeated denials of Plaintiffs' meritorious disputes without adequate investigation or justification, and refusing to comply with its own arbitration clause obligations.

63. Defendant's business practices are unfair because they offend public policy; they are immoral, unethical, oppressive, outrageous, unscrupulous, and substantially injurious. The injuries caused by this conduct and the harm to consumers outweigh the possible utility from these aforementioned practices.

64. There is no benefit to consumers or competition by allowing Defendant to engage in these practices that damage the public.

65. The gravity of the harm suffered by Plaintiffs and Class members resulting from Defendant's conduct alleged herein outweighs any legitimate justification, motive, or reason for Defendant's conduct. Accordingly, Defendant's actions are immoral, unethical, and unscrupulous and offend the established public policies and are substantially injurious to Plaintiffs and Class members.

66. As a result of Defendant's unlawful, deceptive, and unfair practices, Plaintiffs and Class members suffered injury in fact and loss of money or property.

## COUNT V
### Violations of the California Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq*. ("CLRA")
### (By Plaintiffs on Behalf of the Class)

67. Plaintiffs incorporate paragraphs 1–66 as if fully set forth herein.

68. Defendant violated Cal. Civ. Code § 1770 by failing to provide timely goods/services, failing to take adequate measures to protect Plaintiffs' and Class members' account information and monitor unauthorized activity, and failing to reasonably investigate valid disputes regarding unauthorized transactions.

69. As a result of Defendant's unlawful conduct, Plaintiffs and Class members suffered injuries and damages, including but not limited to: loss of funds, loss of availability of funds, loss of time and wasted efforts associated with meeting the requirements to initiate an arbitration pursuant to the arbitration clause's terms, paying fees and costs for initiating an arbitration that was administratively closed, and paying more costly and additional fees and costs to file claims in court in order obtain redress for injuries caused by Defendant.

70. Plaintiffs' claim under the CLRA is limited to injunctive relief at this time.

71.     Plaintiffs have sent a CLRA demand letter to Defendant in accordance with Cal. Civ. Code § 1772(a). Plaintiffs reserve the right to amend their complaint within 30 days to add a claim for damages, pursuant to Cal. Civ. Code §1772.

## **PRAYER FOR RELIEF**

Plaintiffs, on behalf of themselves and all others similarly situated, pray for a Court order:

A. Certifying the Class under Rule 23(b)(2) and 23(b)(3), or certifying issues under Rule 23(c)(4), appointing Plaintiffs as the Class Representatives, and Plaintiffs' counsel as Class Counsel;

B. Finding Defendant's conduct was unlawful, as alleged herein, and entering judgment in favor of Plaintiffs and the Class on the claims asserted herein;

C. Mandatorily enjoining Defendant to pay its AAA arbitration fees;

D. Entering a declaration that Defendant is obligated to pay its AAA arbitration filing fees in consumer arbitrations initiated by Plaintiffs and Class members;

E. Awarding Plaintiffs and Class members all other injunctive and equitable relief, including restitution and disgorgement, as allowed by law or equity;

F. Awarding Plaintiffs and Class members nominal, statutory, actual, compensatory, consequential, incidental, and enhanced damages, as well as restitution and disgorgement as allowed by law or equity;

G. Awarding pre- and post-judgment interest;

H. Awarding reasonable attorneys' fees, expenses, and costs; and

I. Granting such other relief as the Court deems just and appropriate.

**JURY DEMAND**

Plaintiffs request a trial by jury of all claims that can be so tried.

Respectfully submitted,

By: /s/ *Alisa Rose Adams*
Alisa Rose Adams (Cal. Bar #277697)
The DannLaw Firm
26100 Towne Centre Dr.
Foothill Ranch, CA 92610-3442
Telephone: (949) 200-8755
Facsimile: (866) 843-8308
notices@dannlaw.com
aadams@dannlaw.com

Marc E. Dann (*pro hac vice* anticipated)
Brian D. Flick (*pro hac vice* anticipated)
DANNLAW
15000 MADISON AVENUE
LAKEWOOD, OH 44107
(216) 373-0539 telephone
(216) 373-0536 facsimile
*notices@dannlaw.com*

Thomas A. Zimmerman, Jr. (*pro hac vice* anticipated)
ZIMMERMAN LAW OFFICES, P.C.
77 W. Washington Street, Suite 1220
Chicago, Illinois 60602
Telephone: (312) 440-0020
Facsimile: (312) 440-4180
*tom@attorneyzim.com*

*Attorneys for Plaintiffs and the Putative Class*